**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA,

                         Plaintiff,                    1:23-CV-1473 (AMN/CFH)

v.

Real property commonly known as 26 Everett Road,
Colonie, New York 12205,

                         Defendant.

_____

APPEARANCES:                                 OF COUNSEL:

**HON. CARLA FREEDMAN**               **ELIZABETH A. CONGER, ESQ.**
United States Attorney for the              Assistant United States Attorney
Northern District of New York
100 South Clinton St.
Syracuse, NY 13261-7198
_Attorneys for Plaintiff_

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.    INTRODUCTION

On November 27, 2023, Plaintiff the United States of America commenced this action via

Verified Complaint for forfeiture _in rem_ against certain real property located in Colonie, New York

under 18 U.S.C §§ 981(a)(1)(A) and (C) and pursuant to Rule G of the Supplemental Rules for

Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules" or

"Supp. R.") as property involved in violations of 18 U.S.C. §§ 641, 1956, and 1957. _See_ Dkt. No.

1. Presently before the Court is Plaintiff's Motion for Default Judgment and Final Order of

Forfeiture under Rule 55(b)(2) of the Federal Rules of Civil Procedure and General Order #15 of

the United States District Court for the Northern District of New York ("Default Judgment

1

Motion"), as well as Plaintiff's Motion to Request a Writ of Entry pursuant to 18 U.S.C. §§ 983(j) and 985(b)(2) ("Motion for Writ of Entry"). *See* Dkt. Nos. 10-1, 12-1. For the reasons that follow, Plaintiff's Default Judgment Motion is denied without prejudice, the entry of default dated February 15, 2024 is vacated, and Plaintiff's Motion for Writ of Entry is denied as moot.

## II.    BACKGROUND[1]

On November 27, 2023, Plaintiff filed its Verified Complaint for forfeiture *in rem*, seeking (*inter alia*) a declaration that real property commonly known as 26 Everett Road, Colonie, New York, 12205 (the "Defendant Property") be forfeited and condemned to the use and benefit of the United States. *See* Dkt. No. 1 at 12-13. The Complaint alleges the Defendant Property was purchased using proceeds associated with a federal theft and money laundering scheme. *See generally* Dkt. No. 1.

On December 1, 2023, Plaintiff attempted to serve copies of the Verified Complaint, Notice of Complaint, and Notice to Potential Claimants on the owner of the Defendant Property, Drasana Johnson, at her last known address via certified and regular mail. Dkt. No. 4; Dkt. No. 10-2 ¶ 4(a).[2] The certified mailing was returned to Plaintiff on February 14, 2024, marked undeliverable. *Id.*[3] The same day, and for thirty consecutive days thereafter, Plaintiff published public notice of this action on an official government forfeiture website, www.forfeiture.gov. Dkt. No. 5; Dkt. No. 10-2 ¶ 5. Additionally, on November 29, 2023, Plaintiff emailed a courtesy copy of the Verified Complaint, Notice of Complaint, and Notice to Potential Claimants to attorney Samuel Breslin,

---

[1] The facts are drawn from the Verified Complaint. Dkt. No. 1. The allegations therein are deemed admitted and assumed to be true for purposes of this Motion. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

[2] Ms. Johnson purchased the Defendant Property as a "CASH DEAL" on behalf of Helping Hand Properties 518, Inc., a company for which she is listed as "President." *See* Dkt. No. 1 ¶¶ 40, 55.

[3] The regular mailing was not returned to Plaintiff. Dkt. No. 10-2 ¶ 4(a).

Esq. *See* Dkt. No. 10-2 ¶ 4(b).[4]

On February 14. 2024, Plaintiff requested an entry of default and submitted a supporting affidavit. *See* Dkt. Nos. 7, 7-1. On February 15, 2024, the Clerk entered default as to the Defendant Property. *See* Dkt. No. 8. On February 21, 2024, Plaintiff filed the Default Judgment Motion. *See* Dkt. No. 10. The same day, Plaintiff sent copies of the corresponding text notice (setting the motion response hearing deadline), as well as copies of the Default Judgment Motion papers (Dkt. Nos. 10 through 10-6) by certified and regular mail to Ms. Johnson and Mr. Breslin's last known addresses. *See* Dkt. No. 11. On April 25, 2024, Plaintiff filed the Motion for Writ of Entry. *See* Dkt. No. 12.

No verified claim or answer has been filed in this action, and the last date for potential claimants to file a claim was January 30, 2024. *See* Dkt. No. 5.

## III.    STANDARD OF REVIEW

### A.  Default Judgment

Fed. R. Civ. P. Rule 55 "provides a two-step process that the Court must follow before it may enter a default judgment against a defendant." *Robertson v. Doe,* 05-CV-7046, 2008 WL 2519894, at *3 (S.D.N.Y. June 19, 2008). "First, under Rule 55(a), when a party fails to 'plead or otherwise defend . . . the clerk must enter the party's default.'" *Id.* (quoting Fed. R. Civ. P. 55(a)).[5] "Second, pursuant to Rule 55(b)(2), the party seeking [a] default judgment is required to present its application for entry of judgment to the court." *Id.* "Notice of the application must be sent to

---

[4] The Complaint does not describe what interest, if any, Mr. Breslin has in the Defendant Property.

[5] *See also* Northern District of New York Local Rule ("Local Rule") 55.1 (requiring a party seeking a clerk's entry of default to "submit an affidavit showing that (1) the party against whom it seeks a judgment . . . is not an infant, in the military, or an incompetent person (2) a party against whom it seeks a judgment for affirmative relief has failed to plead or otherwise defend the action . . . and (3) it has properly served the pleading to which the opposing party has not responded").

the defaulting party so that it has an opportunity to show cause why the court should not enter a default judgment." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).[6]

Default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).  Before a court enters a default judgment, it must "ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a matter of law." *Windward Bora, LLC v. Brown*, No. 21-CV-03147, 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (quotation marks and citation omitted).

The decision to grant a motion for a default judgment is within "the sound discretion of the district court." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Education & Training Fund & Other Funds v. Metro Found. Contrs. Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (quotation marks and citation omitted).  "When evaluating the defendant's liability, the court accepts as true all well-pleaded allegations in the complaint." *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, No. 22-CV-6474, 2024 WL 219092, at *2 (E.D.N.Y. Jan. 22, 2024) (citing *Vera v. Banco Bilbao Vizcaya Argentaria, S.A.*, 946 F.3d 120, 135 (2d Cir. 2019)).  However, "the court cannot construe the damages alleged in the complaint as true," and the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *W. Coast Servicing, Inc. v. Giammichele,* No. 1:19-CV-1193

---

[6] *See also* Local Rule 55.2(b) ("A party shall accompany a motion to the Court for the entry of a default judgment, pursuant to Fed. R. Civ. P. 55(b)(2), with a clerk's certificate of entry of default . . . a proposed form of default judgment, and a copy of the pleading to which no response has been made.").

(GTS/CFH), 2020 WL 5229374, at \*2 (N.D.N.Y. Sept. 2, 2020) (quotation marks and citations omitted).

### B.  Forfeiture *in Rem*

"*In rem* forfeiture actions are governed by Rule G of the [Supplemental Rules] and the Civil Asset Forfeiture Reform Act of 2000," 18 U.S.C. § 981 *et seq*.  *See United States v. Vazquez-Alvarez*, 760 F.3d 193, 197 (2d Cir. 2014).  "The Federal Rules of Civil Procedure also apply to [forfeiture *in rem*] proceedings except to the extent that they are inconsistent with the[ ] Supplemental Rules."  Supp. R. A(2); *accord United States v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents ($417,143.48)*, No. 13-CV-5567, 2015 WL 5178121, at \*4 (E.D.N.Y. Sept. 2, 2015), *aff'd sub nom. United States v. $417,143.48, Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars & Forty-Eight Cents*, 682 F. App'x 17 (2d Cir. 2017).

Under Supplemental Rule G, a complaint for forfeiture *in rem* must:

a)  be verified;

b)  state the grounds for subject-matter jurisdiction, *in rem* jurisdiction over the defendant property, and venue;

c)  describe the property with reasonable particularity;

d)  if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed;

e)  identify the statute under which the forfeiture action is brought; and

f)  state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. R. G(2).

Once the government has commenced a forfeiture *in rem* action, a claimant "who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where

the action is pending." Supp. R. G(5)(a)(i); *accord Vazquez-Alvarez*, 760 F.3d at 197. The

claimant must file their claim "not later than 30 days after the date of service of the Government's

complaint or, as applicable, not later than 30 days after the date of final publication of notice of

the filing of the complaint." *See* 18 U.S.C. § 983(a)(4)(A); *accord* Supp. R. G(5)(a)(ii). "A

claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days

after filing the claim." Supp. R. G(5)(b). However, "[n]o complaint may be dismissed on the

ground that the Government did not have adequate evidence at the time the complaint was filed to

establish the forfeitability of the property." 18 U.S.C. § 983(a)(3)(D).

A "fundamental requirement of due process in any proceeding which is to be accorded

finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of

the pendency of the action and afford them an opportunity to present their objections." *Mullane*

*v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Supplemental Rule G goes further,

requiring Plaintiff to send notice to "any person who reasonably appears to be a potential claimant

on the facts known to the government before the end of the time for filing a claim under Rule

G(5)(a)(ii)(B)," Supp. R. G(4)(b)(i), and notice by publication, which is required unless certain

conditions are met, can be effectuated by "posting a notice on an official internet government

forfeiture site for at least 30 consecutive days." Supp. R. G(4)(a)(iv)(C). "The notice must be sent

by means reasonably calculated to reach the potential claimant." Supp. R. G(4)(b)(iii)(A).

Under Supplemental Rule G(3), "[i]f the defendant is real property, the government must

proceed under 18 U.S.C. § 985." Supp. R. G(3)(a). Specifically, commencement of a civil

forfeiture action against real property is governed by 18 U.S.C. § 985(c)(1), which requires the

Government to "(A) fil[e] a complaint for forfeiture; (B) post[ ] a notice of the complaint on the

property; and (C) serv[e] notice on the property owner, along with a copy of the complaint."  18

U.S.C. § 985(c)(1).

IV.     DISCUSSION

Before assessing the merits of a default judgment, the Court analyzes the sufficiency of

service.  *See SEC v. Bahgat*, No. 17-CV-971, 2023 WL 3491733, at *3 (W.D.N.Y. May 17, 2023)

(citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010));

*see also Lliviganay v. Cipriani 110 LLC*, No. 09-CV-0737, 2009 WL 1044606, at *1 (S.D.N.Y.

Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment");

*Orellana v. World Courier, Inc.*, No. 09-CV-576, 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24,

2010) (denying motion for default judgment where there was "no indication on the docket that

[defendant] has been served with the Complaint or any subsequent filings in this action, including

the instant motion for default judgment against him"), *report and recommendation adopted*, 2010

WL 3861013 (E.D.N.Y. Sept. 28, 2010).  Upon *sua sponte* review, the Court concludes service of

process on the owner of the Defendant Property (Ms. Johnson) failed to comply with Section 985.

Although the Second Circuit has not addressed the issue, at least one district court decision

in the Second Circuit adopted the approach taken by the Ninth Circuit in holding that forfeiture

actions brought pursuant to Section 985 are governed by Fed. R. Civ. P. 4(e)'s personal service

standard, and not Supplemental Rule G(4)'s "reasonably calculated" standard.  *See United States*

*v. Real Prop. Located at 120 Teriwood St., Fern Park, Fla. 32730, et al.*, No. 16-CV-6101, 2017

WL 8640911, at *2-4 (E.D.N.Y. June 22, 2017) ("service upon real property owners is governed

by Rule 4, which does not permit service by mail unless such service is approved by the laws of

the state in which the court sits or where service is made."), *report and recommendation adopted*,

2018 WL 1513641 (E.D.N.Y. Mar. 27, 2018).  Rule 4 provides that an individual may be served

by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1). In New York, C.P.L.R. § 308 (governing service upon an individual) bars service effectuated exclusively by mail.  Instead, to properly serve notice via mail, "a plaintiff must ***both*** mail ***and personally serve*** a defendant with a copy of the summons." *Podgoretz v. Shearson Lehman Bros., Inc.*, No. 86-CV-2681, 1994 WL 1877200, at \*2 (E.D.N.Y. Mar. 23, 1994) (emphasis added) ("Plaintiff mailed a copy of the summons to the defendants, but that was not enough.").  Substituted methods of service—such as "nail and mail" service (C.P.L.R. § 308(4))—are permissible only upon a showing that the other enumerated methods of personal service were "impracticable." *Madu, Edozie, & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 117 (S.D.N.Y. 2010) (holding that "[i]n general, a plaintiff 'must make some showing that the other prescribed methods of service cannot be made'") (quoting *SEC v. Nnebe*, No. 01-CV-5247, 2003 WL 402377, at \*3 (S.D.N.Y. Feb. 21, 2003)).   "The meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Rampersad v. Deutsche Bank Sec., Inc.*, No. 02-CV-7311, 2003 WL 21073951, at \*1 (S.D.N.Y. May 9, 2003) (citing *Markoff v. S. Nassau Cmty. Hosp.*, 91 A.D.2d 1064 (2d Dept. 1983)).  Typically, a plaintiff is expected to show at least that the other prescribed methods of service (*e.g.*, personal delivery (C.P.L.R. § 308(1))) could not be made.  *See Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021).

Here, since the Defendant Property is real property, Plaintiff needed to comply with Section 985(c)(1) and, consequently, Rule 4.[7]  Plaintiff notes that service was effectuated on Ms. Johnson only by affixing the Verified Complaint and claim filing instructions on the front door of the

---

[7] Plaintiff's Motion to Request a Writ of Entry acknowledges the need to satisfy Section 985 in this type of civil forfeiture action. *See* Dkt. No. 12-1 at 1.

Defendant Property, and by mailing a copy of the Verified Complaint, Notice of Complaint, and

Notice to Potential Claimants, to Ms. Johnson's last known address. *See* Dkt. No. 10-2 ¶¶ 3, 4(a).

This method of service does not comply with Rule 4 or C.P.L.R. § 308, and Plaintiff fails to state

facts regarding why the other methods of service prescribed in C.P.L.R. § 308 could not be made.

As service was not properly effectuated on the owner of the Defendant Property, this Court must

deny Plaintiff's Default Judgment Motion.

Because the Default Judgment Motion is denied and the entry of default vacated, the Court

also denies Plaintiff's Motion for Writ of Entry as moot. *See, e.g.*, *Miller v. Madison*, No. 1:12-

CV-0874 (LEK/CFH), 2013 WL 2181240, at *4 (N.D.N.Y. May 20, 2013) (denying motion for

writ of execution as moot after vacating default judgment).

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion for Default Judgment and Final Order of Forfeiture, Dkt.

No. 10, is **DENIED without prejudice**; and the Court further

**ORDERS** that the entry of default, Dkt. No. 8, is **VACATED** until such time as Plaintiff

has effectuated proper service upon Ms. Johnson; and the Court further

**ORDERS** that Plaintiff's Motion to Request a Writ of Entry, Dkt. No. 12, is **DENIED as**

**moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 11, 2024
        Albany, New York

Anne M. Nardacci
U.S. District Judge

9